**FEDERAL DEPOSIT INSURANCE CORPORATION,**
**Plaintiff-Appellant,**

v.

**James M. ALLEN, et al.,**
**Defendants-Appellees.**

**No. 85–5822.**

United States Court of Appeals,
Sixth Circuit.

Argued July 29, 1986.

Decided Sept. 25, 1986.

Alan L. Spear (argued), Sally C. Bradley, Knoxville, Tenn., Michael L. Powell, for plaintiff-appellant.

Gary L. Goldstein, Johnson City, Tenn., for defendants-appellees.

Before MERRITT and GUY, Circuit Judges, and BALLANTINE, District Judge.*

BALLANTINE, District Judge.

Defendants-appellees, hereafter defendants, are eight partners in a Tennessee partnership known as Ripshin Mountain Enterprises. In order to finance its operation[1], the partnership established a $40,000 line of credit with City and County Bank of Washington County, later known as First Peoples Bank of Washington County (the Bank).

The two managing partners of Ripshin executed a promissory note in the face amount of $40,000.00 and each of the eight partners executed a continuing personal guaranty of the note.

On July 20, 1983, the Commissioner of Financial Institutions of Tennessee found an emergency existed which would result in serious losses to the depositors of the Bank and under the authority of Tenn. Code Ann. § 45-2-1502(c)(1), the Commissioner took possession of the Bank.

Appellant, Federal Deposit Insurance Corporation (FDIC), was tendered possession of the business and property of the Bank and it accepted appointment as receiver. Under the provisions of Title 12 U.S.C. § 1823(c)(2)(A), FDIC purchased the assets of the Bank. The purchase effectu-

ally transferred the promissory note and the continuing guaranties to FDIC.

In March, 1985, FDIC commenced an action in the Eastern District of Tennessee seeking to recover the unpaid balance of just over $21,000.00 from defendants. Defendants did not challenge the amount due but asserted that the personal liability of each partner was limited to $5,000.00 by reason of a collateral oral agreement with the Bank limiting their liability and by reason of the terms of the guaranties.

The minutes of the Board of Directors of the Bank contain no approval of the collateral agreement, nor did the Bank execute the guaranty agreements. The guaranties are silent as to the Tennessee statute imposing joint and several liability on the partners for partnership debts. Tenn.Code Ann. § 61-1-114.

In the district court the defendants argued that the partnership agreement which limited the liability of each partner to $5,000.00 controls. They asserted that since the partnership agreement and the guaranties were presented to the Bank with the loan application, the Bank and FDIC as the successor to the Bank are bound by the terms of the partnership agreement and the guaranties. The Magistrate to whom this action was referred, Title 28 U.S.C. § 636(b) and F.R.Civ.P. 72(b), rejected this argument, relying on Title 12 U.S.C. § 1823(e):

"No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of

---

* The Honorable Thomas A. Ballantine, Jr., Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

1. The partnership was formed to sell Christmas trees at retail and wholesale.

directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."

No written document reducing or altering each partner's joint liability on the $40,000 partnership note is in existence, and the four conditions stated in the law quoted above are not met.

The Magistrate likewise rejected defendant's argument that since FDIC knew of the partnership agreement and the guaranties, it is somehow estopped to rely on the provisions of § 1823(e). The Magistrate, in support of his rejection of defendants' position, relied on *FDIC v. Merchants National Bank of Mobile*, 725 F.2d 634 (11th Cir.), *cert. denied*, 469 U.S. 829, 105 S.Ct. 114, 83 L.Ed.2d 57 (1984):

> "The statute prescribed the requirements an agreement must meet to be valid against FDIC. If a side agreement does not meet the requirements of Sec. 1823(e), FDIC's knowledge of the terms of that side agreement does not render it valid against FDIC or estop FDIC from enforcing the agreement as contained in the failed bank's records." 725 F.2d at 640.

The language from *Merchants National Bank* was cited with approval in *FDIC v. Wood*, 758 F.2d 156 (6th Cir.1985). See also *Gilman v. FDIC*, 660 F.2d 688 (6th Cir.1981) (FDIC is under no duty to examine the assets of a failed bank before it agrees to execute Purchase and Assumption and Sale of Assets agreements.)

On objections to the Magistrate's Report and Recommendation, Title 28 U.S.C. § 636(b)(1), the district court adopted the Magistrate's Report and Recommendation awarding judgment to FDIC but modified so much of the Report and Recommendation as imposed joint and several liability on defendants. The district court reasoned that because the partnership agreement was part of the Bank's loan file, because each partner's guaranty was limited to $5,000.00, and because the guaranties were

also part of the loan file, the protection of Section 1823(e) was not available to FDIC. Slip Opinion p. 2 (Joint App.Ex. 11).

We disagree. The language of § 1823(e) is clear and unequivocal. If Congress had intended to impute a failed bank's knowlege to FDIC it most assuredly could have incorporated a provision to that effect. Congress did not incorporate such a provision and the plain language of the statute as interpreted in *Merchants National Bank, supra,* compels the conclusion that the decision of the district court must be reversed and the action remanded to the district court with directions to enter judgment in favor of FDIC against the defendants jointly and severally.

IT IS SO ORDERED.